Good morning, your honors. Close and afar. My name is Richard Treon and I represent Laura Breeser and the Breeser family in this whistleblower wrongful termination case that arose under the... Is the family still involved? Excuse me? Is the family still involved? You're correct. They have been dismissed in the original complaint but I did represent them and... It's just one person? It's just Laura Breeser. I'm sorry. Thank you, your honor. The contention here initially is that the defendants failed to follow the rules in making their motion for summary judgment. They did not shift the burden to the plaintiff and they didn't do so because although they claimed that they were raising a statute of limitations defense, they raised no facts. More importantly, they did not cite any law that brought to the court's attention or properly shift the burden to the plaintiff to respond. More importantly, about what the law is in Arizona with regard to the discovery of a cause of action under the AEPA as it's called. In this case, plaintiffs were faced with the dilemma then of how do we respond to a motion for summary judgment that basically is almost like a contention that the claim is that we had on the face of the complaint because they're saying March 1st was the date they gave her notice and we don't contest that. We conceded that ultimately that even though my client disagrees, we accept that as a fact. March 1st is when Mr. Hubbell told her that she was terminated. But Judge, they let Judge Tilburg into then the approach in the case that this was like, okay, you were told they were terminated on March 1. The lawsuit wasn't filed until March 15th, a year before. That's not the law and that's not the proper way to set up the complaint or, excuse me, the contention in the motion for summary judgment. So we were faced with a situation where 12 lines of motion responded to the best way we could. I raise the fact that this is a case alleging violations of AEPA, and I did say that the discovery rule applies. I did not develop a factual response to theirs because there was nothing to respond to. Well, the discovery rule changes, shifts the burden of proof. You then have the burden of proof on proving the discovery rule applies, correct? Your Honor, I would not agree with that in a situation where they haven't even pled it. Haven't pled what? They haven't made any contention initially that there were subject to the discovery rule and that I now, in my response to their motion for summary judgment, have to develop their statute of limitations argument under AEPA and then come in and show that there was a discovery. I'm not sure if that's right. They proved, and you said you agree with it, and that's fine, that they fired her on March 1. Now, you didn't claim you had filed on March 1. It was later on, but it was because she didn't discover the problem. But it's clear that shifts the burden to you to prove discovery and that she didn't discover it until a later date. Isn't that the law? Your Honor, I'm not aware that in a situation where the shifting of the burden has to happen at the time that they file their motion, that I am required to anticipate what their theory was going to be and should have been. Well, what's to anticipate? It's more than a year late. So you've got to come back and say, but it really wasn't March 1 that started the clock because my client didn't discover until a later date. Pretty obvious that's the issue raised. I'm not sure I didn't know how to respond. You respond by offering up your proof as to why the clock started later. I did respond by saying that this is a case, then, that is subject to AEPA, and this is subject to the discovery rule. Now, if I failed, then, and by pleading in response to their motion... But it's not pleading anymore. It's summary judgment. You have to make out a prima facie case. You're the plaintiff. Correct. And I did include in the response, the statement of facts in response to their statement of facts, the facts that demonstrated that she had not discovered until March 16, 2009. The facts... She was actually talking to the company back, like, as early as 2004, I think. She began in 2004 in Arizona as a manager, and she raised complaints with them throughout her tenure there, but it wasn't until June of 2008 that she actually put them on notice when three other people were fired, and that's in paragraph 7 and paragraph 89 of the So, I'm mystified as to how it was that she didn't, quote, discover, close quote, what she needed to know until, what's the date, March... 16th. 16th, 13th, 15th, different dates, 2009, when in fact she knew all those facts, expressed those concerns long before. Your Honor, she did not know the facts. She had suspicions. All of the filings that were made in this case that were false filings to the State of Arizona Education Department were sent from Illinois, from the home office, and never to my client, Arizona. They went straight to the Department of Education. She kept raising questions with them about, you don't have enough teachers here... Well, at a minimum, how is that not putting her on notice that she has to inquire? She didn't know she was going to get terminated. But so what? She was on notice, and I have to say, I really don't understand the theory. The theory, apparently, is she was terminated in some retaliation, but in fact I can't figure out what the retaliation is. Retaliation for what? Retaliation is, and the way the law works in Arizona is, it doesn't have to be for something that has actually happened yet. It's something that could happen in the future. And what happened in June of 2008 is she told the president of the company and the executive director of the company that the three gentlemen you're filing have enough information on you to bury you because of the things you're doing. On its face, this theory doesn't make any sense, because it says, okay, I've got a hammer, I'm going to kill the company, and the company retaliated her against her by firing her, thereby guaranteeing she's going to try to bring down the hammer. I mean, that — I don't see how that's retaliation. I mean, I think that's a response to a potential extortion threat, but it's not retaliation. What happened, Your Honor, is — and the law of Arizona is not a model of clarity in terms of how it's set forth, but what it says that is if you represent somebody who is a manager of the company who has the authority to fix the problem, and you tell them what the problem is, and they don't fix it, and then they fire you, then you can sue for wrongful termination, because that firing then is said to be in response for retaliation for what she did in whistleblowing. She whistleblowed — But she was talking years before about these concerns. There's no sign that March 1st was designed to toss her from the company because she'd made threats, particularly since the threats she was making were threats she was perfectly able to follow out and indeed would be expected to pursue once she'd been terminated. She did not go to the State, Your Honor, until March 16th, and that is when she blew the whistle. That is when her cause of action for wrongful termination under Arizona law accrued. It's not when you're terminated. It's when the whistle gets blown, and you've facts under the law, when your knowledge, understanding, and acceptance of the facts under the law. Can you identify a case that explains how this, in my mind, pretty convoluted theory is in fact a cause of action under Arizona law? I'd refer Your Honor to the statute, 23-1501. It says a disclosure by the employee in a reasonable manner. That's what you did back on in June of 2008, that the employee has information or a reasonable belief that the employer or an employee of the employer has violated, is violating, or will violate the Constitution of Arizona or the statutes of the State to either the employer or a representative of the employer who the employee reasonably believes is in a managerial or supervisory position and has the authority to investigate the information provided by the employee and to take action to prevent further violation of the Constitution or the statute. That's what the law is, Your Honor. But you just told me that was back in 2008. I can't figure out how that event happened on March 16th. Under the statute, she's given these people information and knowledge. They had an opportunity to deal with it. She did not go to the State immediately because she gave them, as was allowed under the law, the opportunity to fix it. Now, what did they do? They put her on sabbatical after they terminated her as principal administrator. Then, in February, they sent her a separation and release agreement in which they said, we'll pay you out until June 30th if you accept two terms. One, confidentiality, strict confidentiality. Two, no disparagement term. That is an illegal requirement. Well, that happens in January. I'm trying to figure out what happened that started the clock on March 16th, 13th, 15th, or whatever date it is.  She identifies 16 because it's Monday. She actually went to the State before by what her declaration says, or your declaration says. The point is, that isn't what starts the clock if, in fact, this statute refers to when she communicates with the company and she communicated with the company months before. The statute is subject to the discovery rule under the law of the State of Arizona. Well, she knew she went to the company months before. She knew she was terminated on March 1st. What didn't she know? What she did know is, she did all those things. They then came in and said, you're terminated. The record shows in my declaration that I sent a letter to their lawyer saying, tell me all the things that we need to know in order to be able to understand whether or not you've listed her as a principal even though she's not, whether or not you are filing that there are teachers under her name that are working there that are not, and whether or not you're cheating the State of Arizona by billing the school districts for students that are not being provided services for. Then she went to the State on the 16th and for the first time ever saw the document that gave her the knowledge. Then she had under the law an opportunity to understand what that meant and then to accept it. That's what the law is in Arizona, the rule regarding discovery. Roberts. Well, I asked you for a case and you pointed me to a statute. Is there anything better? Little v. State is a case that relates to the discovery rule in the State of Arizona. It cites Doe v. Rowe and Walk v. Ring, two Supreme Court cases that say that under Arizona law, until you as the person that's suing have knowledge, understanding and acceptance in the aggregate providing you with sufficient facts that you know you have a cause of action. That is the law of the State of Arizona under the discovery rule. She did not discover knowledge until 16 March 2009. That's a date I cannot  And she had no knowledge of what? Knowledge of the fact that they had been violating the law by sending from Illinois the false filings that she saw for the first time in the State board's office, and that's when she outed them to the State. That's when she reported them. That's when she blew the whistle. Do you have to blow the whistle before you have a cause of action? Under the State law of the State of Arizona, you have a right to sue. I understand, but my question is, is it a condition preceding that you have to blow the whistle before you can sue under this statute? Before you can come under this particular statute, I would submit that is the way it works. Well, wait a minute. You just told me something that isn't what. Does the statute say that you have to blow the whistle before you have a cause of action? It doesn't address the issue, Your Honor. It says what it says. I read it. And what it says is that if you are a person who reports this to your employer, you give the point of the statute is to give the employer an opportunity to clean up its act. If it doesn't, then, and you find out later that they terminated you because you did, in fact, do something like she did on March 16th in whistleblowing, then you have a cause of action. That's what the law provides. It doesn't say you can only sue after you whistleblow. Suppose she didn't blow the whistle. Right. And suppose she filed in time. If she came into court, she would say, look, I've been calling all of these things to their attention, the things they've been doing over the years I've been here. When I got here and took over, the place was in a mess. I worked and worked to get it taken care of because they didn't know what they were doing and they were illegal. And when they fired me, I knew the reason I was causing them a problem. And she wouldn't have to blow the whistle, would she? She'd have a cause of action. In theory. In theory. It would depend upon how the facts all proved out to be true. But she'd have a cause of action that she could file. And she knew all those things when she was fired. Didn't she, wasn't she on notice then that that was a retaliation for all the problems she'd caused them? She didn't know why she was terminated, Your Honor, according to her declaration. She was still trying to find out. I was in consultation with her lawyer exchanging letters over the subject matter. Well, I understand you've mentioned your letters, but I'm talking about her knowledge, not yours. I'm an attorney, and whatever I know, she knows. And I'm telling her what I believe the law is in the State of Arizona with respect to whether you have a right to sue under the Whistleblower Act. You can't. Arizona is a different world, as you may or may not know. We have the right to work state forever. It has employment at will. This law that we're talking about was grudgingly passed by the legislature after some case law came down that gave workers some rights, and it's very restrictive. You can only sue in Arizona for wrongful termination under this statute. And the statute says what it does. And the statute does not say you can go out and sue somebody for wrongful termination based on speculation. And it was my belief that her knowledge, understanding, and acceptance in the aggregate, which is the standard that has to be applied under Arizona law, did not coalesce into knowledge that she had sufficient facts to sue until she sued. And until after the March 16th event occurred. I'm running out of time. You want to reserve your time for rebuttal? No, thank you. You may do so. Thank you. We'll hear from defendants. Good morning, Your Honor. Greg Coulter on behalf of the appellees in this case, Special Education Services. And I'll refer to Special Education Services and MENTA together. I think it's clear from the record MENTA was never the employer, but is being dragged along in this case. Can you keep your voice up, please? I'm sorry? Can you keep your voice up? Okay. Thank you. So we'll start with actually the statute that you've been talking about. That statute was put into place and does limit the method you can bring wrongful termination claims in Arizona. That was the purpose of it. And the part that Mr. Treon didn't read was the employer terminated, that was the first part, is 23-1501A3C. The employer terminated the employment relationship of an employee in retaliation for any of the following. That's the only one of the only ways you can bring wrongful termination litigation in Arizona. And the subject is the disclosure by the employee in a reasonable manner that the employee has information and reasonable belief of whatever it is. So the whistle has to be blown prior to termination. It is a condition precedent. And it has to be reasonably believed and it has to be the reason for the termination. So in this situation, when we're addressing what accrual is, and there's lots of various language that talks about when a cause of action accrues in Arizona, and most of it deals with negligence law, but certainly if you're reading the substance of the statute, someone can bring a cause of action after they blow the whistle and they have been terminated. That is the last event that can happen to an employee in Arizona which would cause a cause of action to accrue. All the cases, the small cases. Well, what about the discovery rule? There is the discovery rule in Arizona. Absolutely. There is the discovery rule. And the discovery rule would apply if evidence supports its application. In the situation of termination, in those cases, the only cases that talk about They didn't get the termination letter. They didn't have sufficient information to know that's the date that it happened. We've clarified over the litigation of this case that March 1st was the day that she's terminated and she's admitted to that. There is no reason to apply the discovery rule and toll the statute of limitation because there's nothing that can be learned post-termination that would change the fact that it accrued that day. Well, how about the causation? I think you just noted one of the elements is that you have to connect the alleged whistleblowing to the termination. And her argument is that it wasn't until March, we'll say, 16th. Next year. That she learned that, in fact, the suspicions that she'd previously expressed had substance, that the company had, in fact, made filings that were inconsistent with at least her understanding of the facts and such that the state statements that she'd made to company management that there's a problem here turned out to be true. So if she doesn't know that until March 16th, why doesn't that count to defer the starting of the clock? Well, it does count to defer that time under the discovery rule because that is the ultimate issue. The actual liability would be tried as to whether that caused it. Knowing for sure at some point in the future that your termination was caused by something that happened prior would be a situation in which there would be no cause of action that accrued. And as the, what I understand. Even on March 16th, it's not like she found something. She didn't find this company memo that said get rid of Breezer because she's mouthing off and threatening us and so forth. What she found was that the factual suspicions she previously had with regard to whether the company's filings had been inaccurate were true. That, in fact, the filings were inaccurate. And so that gave her a reason to suspect, well, that's true. What I've been blowing the whistle on is, in fact, the case. And so now that connects up. That must be why they got rid of me. And that is the ultimate case to be tried. The cruel cases do not say you must know every fact. You must have sufficient knowledge and information that a reasonable person believe they have a cause of action. And in this situation, the reasonable information that she would have is that she made these complaints as an employee to her employer, and then her employer terminated her because of those. She has to have a reasonable belief that that's what it is. She doesn't have to know the proof of that. What do you say because of it? What do you have to prove on your side that the because of it, that is, that she had made all these complaints, that that's the reason she's fired? What do you have to show? Well, that is a burden that has been adopted. The burden of the First Amendment burden shifting has been adopted for this statute. So the way that it's put together is they come forward with the basics of it, and the burden shifts to them to show that it was because of the retaliation. It was either a motivating factor or a substantial piece. It's not a but-for cause of action. Is that the answer? Okay. So all these cases talk about the idea of when does it accrue. And you have to look at the statute itself to see what the elements are that would cause it to accrue, what information would you know. And some of the cases talk about the idea of you know the what and you know the who, you don't know the why. You know the what, the termination. You know the who, your employer, because the statute says your employers, they're the ones that terminate you. So post-termination, you're no longer an employee and you can't be terminated twice. The who, I mean the why, is the issue to be litigated. If we're waiting for the---- But on March 16th, she didn't really find out specifically the why. She didn't get a copy of a memo. What she found out was that her prior, the suspicions she had previously articulated to the company were, in fact, more than suspicions. Wouldn't it be prudent for somebody in her position to say, look, I've been blowing the whistle, but I've been blowing the whistle speculating, and I've told them, I don't know for sure, but if you are filing these things, you're filing them incorrectly, wouldn't it be a prudent thing to do to go check to see if, in fact, the filings were incorrect? And that's what happened on March 16th. Prudent to do, if you retain counsel like she did, to do the investigation. That's what one of the cases say, is if you have enough information to begin an investigation on a cause of action, you have the information that you need to bring the cause of action. And that's what happened here. Now, I don't know if Arizona has its version of Federal Rule 11, but there's usually some duty on the part of plaintiffs and plaintiffs' counsel to say if there's some substance there before you go off and file suit. It's in the state and the court's interest not to encourage premature filing of suits. So why is this on your side of the line instead of plaintiff's side of the line? What is it that causes you to say that plaintiff had enough information, even though the information had not yet been confirmed, that the claim had accrued and the clock had started to tick? Because she says that she has the basic elements. She's been complaining about this. And that she was terminated after complaining about this. She knows she was complaining. She knows she was terminated. She doesn't know yet if her complaints are true. Right. Well, on March 16th or thereabout, she finds out her complaints are true. The statute doesn't require that they be true to have a cause of action, only the reasonable belief that they are true. And, in fact, the cases highlight that anomaly in that you don't have to be right to have a cause of action.  Reasonable belief. That is the element under the statute that would allow you to bring the case. And disclosure. So the fact that she went out, retained an attorney, had discussions, did some investigation, found additional evidence, which she might use in her litigation, doesn't act to toll or implement the discovery rule to allow that cause of action to toll out and begin at some point in the future. If that was the case, you would have situations in which years down the road someone found out some other reason and would say, well, I didn't find out the true cause of that until some point in the future, and therefore I must do it, particularly under termination law. We're not talking about the true cause. I mean, I want to be clear. We're a step short of that. She, indeed, I'm not sure because of the way the case never went to trial, she probably doesn't have a smoking gun showing the true cause even now. What she's saying is that I didn't know whether the whistleblowing I was doing, the concerns I was expressing, had substance. And March 16th or thereabout, she decides they have substance. Because the statute doesn't require that for a cause of action. Employee has information or reasonable belief that the employer is violating the  law. She's already said and admitted repeatedly that she had a reasonable, she had a belief and she was complaining. So if that's the case, the date of, certainly the date of the termination is the date that it occurred. That is the last element, the last thing that could have possibly happened under this statute to establish the accrual of the cause of action. I take it this is going to be a State law question. It's under Arizona law. Yes. And it was nice of you to come over and visit us, but the Arizonian court knows better the law of Arizona than we do. Has there been any Arizona case so far in the court of appeals or the Supreme Court that states specifically what you've said? So we can go read the case and say, yes, that's what it says and that's what it means. You've been quoting the statute, but the statute might be considered ambiguous, and I just wondered if we have a case that Arizona has already solved the problem for us. Well, not to these exact facts, as you can imagine, but certainly the Revit first advantage case outlines what is the right. Which one? Revit. Revit. The first advantage is a case that in detail outlines the elements that are required for the cause of action, and it talks about the causation element in adopting the First Amendment burden shifting, must engage in protected activity as one of the factors. There's also a case, Feller v. Compuwear, which is really the only other case in a wrongful termination situation where they talk about the statute of limitations. And that was a situation that is analogous to what I said, that that issue was the employee didn't get notice of the termination, so they were arguing we didn't know the date of termination, which was the original argument here, but that's changed a little bit. Were those cases cited in your brief? Yes, Your Honor. They're both Federal district court cases, and I realize you're working with a limited universe, but is the — I think you'd kind of like to have a State case if you have that. Well, the Loderquist-Danforth case talks quite a bit about the — what is required for putting together the sufficient evidence to support the application of the discovery rule. Most of the cases we have in Arizona are general tort or negligent discovery rule issues dealing with medical malpractice. The Gus Rosenfeld case is really the only other case that takes that out of the realm and applies it to a breach of contract case. We just don't have a State case that addresses this issue. And to be honest, I've had some difficulty in formulating this argument because the statute doesn't, I think as the Court said, the statute doesn't say we're going to protect those who might get information in the future and that was hidden from them and could have reported it while they were an employee but didn't from termination. What about Loderquist v. Danforth? Yes, Your Honor. A repressed memory case, negligence. And it certainly does outline the application of the discovery rule. And when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendant's conduct and therefore the statute limitation does not begin to run until that time. Right. And we argue that the conduct, the who is the employer, the what is the conduct, the termination under the statute, the wrongful termination. It doesn't say the whistle has to be blown. Well, it's not a whistleblower case. It's a repressed memory doctor sexual abuse case. And we have those where a lot of our cases come, the repressed memory or medical malpractice that are concealed. Those are where the cases are. We don't have a case department. They're all firing of employee cases? No, they're not. They are. Do you have anything on firing of employees? Not for the discovery rule statute of limitations issue, Your Honor. Arizona is not. This is the closest one I could find. It's not close. Okay. Well, what I want to finish with the idea that if in this situation the accrual didn't happen because there was a piece of information that wasn't discovered until post-termination, the other reason that defendants are entitled to summary judgment is that would prevent a tribal issue of fact and that there would be no way, it would be impossible to establish the elements. If the whistleblowing and the information happened post-termination, she's no longer an employee, she couldn't have blown the whistle as an employee, and certainly the termination could not have been caused as an employee. So the statute of limitations tolling argument actually undercuts the idea that elements could ever be brought and present a tribal issue of fact under the statute. Thank you. I think there are a few seconds left for rebuttal. Judge Wallace? Okay. The last case you were talking about was Logarquist. Is that correct? That case was overruled in 196 areas when the court, it wasn't overruled on the principle, it just was vacated on the basis that they were basically not adopting the Daubert rule, but were going to stick with Frye in Arizona. So the, whatever Logarquist precedent is, is relevant. The issue is controlled in this case by Little v. State, by Doe v. Roe, and by Walke v. Ring, the cases that the district court decided. Just to respond, Judge Clifton, to your question, Arizona does have the rule, has the same Rule 11 as the federal court has. In fact, we adopted the federal rules almost verbatim. John P. Frank was in charge of the world back then, and he did it. And it was actually very helpful for him to do it that way. In any event, she was told on March 1st, she was terminated. No reason was given. You're just gone. You're done. On the Rule 11 point, I have an ethical obligation. Okay. Your time has expired. So if you have something to say in summary, please get to it. You hit the head in terms of the question you had regarding knowledge, understanding, and acceptance. Nobody's focusing on acceptance. Acceptance is a part of the statute in Arizona under the law as to when you discover Walke v. Ring says that issues of this type are normally and typically issues of fact for the jury. That's our case. Thank you. And both counsel for your argument. The case just argued is submitted.
judges: Black, Wallace, Clifton